IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 01-6 Erie |
| ) | |
| DANIEL LEVETO ) | |

**POSITION OF THE GOVERNMENT**
**WITH RESPECT TO SENTENCING FACTORS**

The United States of America, by Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Thomas G. Voracek and Rita Genetti Calvin, Trial Attorneys, Tax Division, United States Department of Justice hereby files this Position of the Government with respect to Sentencing Factors.

The government is in agreement with the sentencing factors as set forth in the Presentence Investigation Report with the exception of paragraph no. 87 regarding restitution. The government contends that the court should order the defendant to pay restitution in this case. Restitution is statutorily authorized. The victim is the United States. The amount of restitution is the amount of federal individual income tax loss.

The court may order a defendant to pay restitution for a conviction of conspiring to defraud the United States pursuant to 18 U.S.C. §371; 18 U.S.C. §3663; United States v. Minneman, 143 F.3d 274, 284 (7th Cir. 1998); United States v. Woodley, 9 F.3d 774, 780 (9th Cir. 1993); United States v. Helmsley, 941 F.2d 71, 101 (2nd Cir. 1991).

Under the Victim-Witness Protection Act (VWPA), Section 3663 provides that restitution may be ordered to any victim of the offense. No limitations are placed on the term victim. A government agency, including the Internal Revenue Service, can be a victim for purposes of restitution. Minneman, 143 F.3d at 284, United States v. Martin, 128 F.3d 1188, 1190-1192 (7th Cir. 1997); Helmsley, 941 F.2d at 101; United States v. Salcedo-Lopez, 907 F.2d 97, 99 no.2 (9th Cir. 1990).

Thus, a court may impose restitution in a tax case involving Title 18 offenses, so long as the court complies with the requirements of the VWPA. Under the VWPA, the court may order restitution so long as payment is made to an identified victim in a definite amount and the amount of restitution is limited by the actual losses of the victim. Virgin Islands v. Davis, 43 F.3d 41, 45 (3rd Cir. 1994); Woodley ,9 F.3d at 780.

Although Title 26 offenses are not included in the list of offenses in 18 U.S.C. § 3663(a)(1) with respect to which the court may sentence a defendant to pay direct restitution, a court is authorized to impose any "discretionary condition of probation in section 3563(b)(1) through (b)(10)" as a condition of supervised release or probation. See 18 U.S.C. §§ 3556, 3563(b)(2), 3583(d); U.S.S.G. § 5E1.1(a), §5E1.1, comment. (backg'd); United States v. Daniel, 956 F.2d 540, 543-44 (6th Cir. 1992); Helmsley, 941 F.2d at 101.

Accordingly, as restitution is one of the listed discretionary conditions of probation (see 18 U.S.C. § 3563(b)(2)), a court is authorized to order restitution for violations of Title 26 as a condition of term of supervised release following a term of imprisonment (see, e.g., United States v. Bok, 156 F.3d 157, 166-67 (2d Cir. 1998)) or as a condition of probation when the court imposes a sentence of a term of probation.

The calculation of the amount of loss for purposes of restitution when the IRS is the victim is closely related to the calculation of the tax loss used to determine a defendant's base offense level. The district court may rely upon the same "quantity and quality of evidence" to determine the amount of loss in both contexts. See United States v. Germosen, 139 F.3d 120, 130 (2d Cir. 1998); United States v. Corpus, 110 F.3d 1529, 1537 (10th Cir. 1997).

The government concurs with the tax loss computation as set forth in the presentence investigation report at no. 32. The government may call one witness, an IRS Revenue Agent, to testify concerning the defendant's gross income and corresponding tax loss for the period 1991 through 2000.

The government has conferred with opposing counsel in a good faith effort to resolve the disputed matter regarding the issue of restitution. The parties disagree as to whether restitution should be ordered.

                                      Respectfully submitted,

                                      MARY BETH BUCHANAN
                                      United States Attorney


                                      <u>s/Thomas G. Voracek</u>
                                      THOMAS G. VORACEK
                                      Trial Attorney
                                      Tax Division
                                      U.S. Department of Justice
                                      AZ ID No. 010127


                                      <u>s/Rita Genetti Calvin</u>
                                      RITA GENETTI CALVIN
                                      Trial Attorneys
                                      Tax Division
                                      U.S. Department of Justice
                                      VA ID No. 32476