

# DERSHOWITZ, EIGER & ADELSON, P.C.
220 FIFTH AVENUE
SUITE 300
NEW YORK, NEW YORK 10001

NATHAN Z. DERSHOWITZ
VICTORIA B. EIGER
AMY ADELSON

DANIELA KLARE ELLIOTT

(212) 889-4009
TELEFAX: (212) 889-3595
E-MAIL: office@lawdea.com

August 3, 2006

Clerk of the Court
Court of Appeals
 for the Third Circuit
601 Market Street
Room 21400
Philadelphia, PA 19106-1790

ATTN: Carmen Hernandez

   RE: <u>United States v. Leveto</u>
     Dist. Ct. No. 01-CR-00006 (MBC)
     Court of Appeal No. 05-4753 (CMH)

Dear Ms. Hernandez:

   I write, pursuant to your suggestion, to seek your Office's help in solving a problem that has arisen in connection with the paperwork the Third Circuit requests in connection with the ordering of transcripts for purposes of an appeal.

   As your files reflect, I entered my appearance in the Third Circuit in this case earlier this week, as appeliate counsel to Dr. Leveto. Simultaneously, I took steps to discharge my responsibility to insure that the necessary pretrial, trial, and sentencing transcripts were ordered.

   To that end, I obtained the Third Circuit's Transcript Purchase Order ("TPO") form, and reviewed the Circuit's instructions relative to transcript purchases.

   As required, I ascertained from the docket sheet the court reporters who had handled each proceeding, made financial arrangements with each one, and completed TPOs for each reporter. As the instructions provide, I sent a copy of the TPOs to the Third Circuit, to the individual court reporters, and to the appellee. I also forwarded the TPOs to the United States District Court for the Western District of Pennsylvania for filing, as the Third Circuit's instructions provide.

ATTN: Carmen Hernandez
Court of Appeals for the Third Circuit
August 3, 2006
Page 2

The Clerk's Office for the Western District of Pennsylvania has informed me that I cannot file the TPOs in the district court unless I enter an appearance in that Court and file the TPOs electronically (a privilege available only to those who have entered an appearance in that Court). I explained to personnel in the Clerk's Office for the District Court that my firm has been retained only to handle the appeal in the Third Circuit, that I am not a member of the bar of that District Court, that I do not intend to appear in the District Court, and that I do not wish to enter an appearance (which would require that I seek and obtain pro hac vice status and associate with local counsel) simply for the purpose of filing transcript order forms. I could not persuade the Clerk's office to accept the TPOs I had provided.

Therefore, I am writing to request your help in solving this problem. I believe that the problem would be eliminated if I were relieved of the obligation to file the TPOs in the district court, an obligation which, I believe, arises only from instructions that accompany the TPO forms. Or perhaps there is another solution your Office could propose.

I am eager to perfect this appeal, and thank you for any assistance you can provide.

Very truly yours,

Victoria B. Eiger

VBE:iba

cc:   Clerk, United States District Court
      Western District of Pennsylvania (Erie)