1
              IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA

2

UNITED STATES OF AMERICA,      :

3
                           :
            v.           :  No. 01 - 6 Erie

4
                           :
DANIEL J. LEVETO,         :

5

6

7
        Hearing held in the above-captioned matter on

8
    Monday, November 8, 2004, commencing at 2:00 p.m.,

9
    before the Honorable Maurice B. Cohill, Jr., in the

10
    United States District Court, 17 North Park Row, Erie,

11
    Pennsylvania 16501.

12

13

14
For the United States of America:

15
    Rita Genetti-Calvin, Esquire
    Thomas G. Voracek, Esquire

16
    Tax Division, Department of Justice
    950 Pennsylvania Avenue NW

17
    Washington, DC 20530

18
For the Defendant:

19
    Daniel J. Leveto, Pro Se
    Erie County Prison

20
    1618 Ash Street
    Erie, PA 16503

21

    Stephen M. Misko, Esquire

22
    106 S. Main Street, Suite 704
    Butler, PA 16001

23

24

25
          Reported by Sondra A. Black
      Ferguson & Holdnack Reporting, Inc.

1          THE COURT:  Based on a status conference, at which

2    all parties were present last week, it was indicated to me by

3    Dr. Leveto that he intends to enter a plea of guilty today.

4          And have there been any conversations with the

5    Government over this?

6          MS. GENETTI-CALVIN:  No, Your Honor.  We met with

7    the Defendant on three prior occasions before the status

8    conference and sent him two letters offering him a plea of

9    guilty to the major counts.  We received a response that he

10   was not interested in that, and we have received no

11   information from him that he is interested in a guilty plea.

12         THE COURT:  What's the situation there, Dr.

13   Leveto?

14         THE DEFENDANT:  Your Honor, at the status

15   conference we discussed the plea today of nolo contendere,

16   and this was to be an open plea.  This is a plea --

17         THE COURT:  I did not agree to that, you might

18   recall.  I said I would consider it.  But it seems to me that

19   all -- I mean, you realize that with a nolo plea you're still

20   just as guilty as you are in a regular guilty plea without

21   the nolo?  You understand that?  That doesn't help you at all

22   as far as penalties go.

23         THE DEFENDANT:  Your Honor, I understand that as

24   far as the sentencing and things like that.

25         THE COURT:  Where it would help you -- that means

                                                              2

1    that your -- they couldn't use the nolo plea against you in

2    some kind of a trial over the amount of tax liability that

3    you have.

4            In other words, let's say the Government says you

5    owe $100,000 -- I know it's more than that.  Let's say the

6    Government says you owe $100,000, and you're saying, I don't

7    owe $100,000.  The Government could not use your guilty

8    plea -- or your nolo plea to convince the jury that they

9    ought to enter judgment for $100,000.

10            So I don't -- but I don't see what advantage it is

11    to the Court to accept the nolo plea because some judge,

12    probably me, would have to go through the same thing all over

13    again as far as proving the amount of the tax liability.  I

14    mean, I'm inclined not to grant the nolo plea.

15            THE DEFENDANT:  Your Honor, I understand exactly

16    what you're saying, and I agree with you as far as the

17    numbers go if we talk about civil liability.  I think, in

18    this case, though, it is moot in many ways because there is

19    not a criminal number within the Indictment.

20            So I am pleading nolo today basically to that

21    which is within the four corners of the Indictment, which,

22    really, in and of itself is going to require the Internal

23    Revenue Service, like they normally would, to establish a

24    civil liability, because it's not here that I'm pleading to

25    anyway.  There are no numbers within the indictment that I am

1    pleading to or which could be set as criminal numbers.

2              So that's where, in this case, the elements of the

3    offense that I'm pleading nolo to are precisely that.  That

4    which is in the Indictment.

5              THE COURT:  What's your position, Ms. Calvin?

6              MS. GENETTI-CALVIN:  Your Honor, our position has

7    been, with Dr. Leveto and with this Court, that we must

8    oppose a nolo contendere plea.

9              THE COURT:  That's department policy, I understand

10   that.

11             MS. GENETTI-CALVIN:  Absolutely.  And we sought

12   advice from the Tax Division, and the case has been reviewed

13   again in the last week, and we also must oppose any

14   conditional aspect of it that -- we cannot sign off on the

15   conditional nolo contendere plea with the condition that Dr.

16   Leveto can appeal the suppression hearing.

17             THE COURT:  You mean you're not even agreeable to

18   him making an conditional plea on the suppression?

19             MS. GENETTI-CALVIN:  As to nolo contendere.  Now,

20   if he were to plead guilty, the Government would entertain

21   the possibility of signing off.  But we are without authority

22   today to agree to a conditional nolo contendere plea.

23             THE DEFENDANT:  Your Honor, if I might respond.

24   Essentially, the rule is very clear, especially if you read

25   the notes.  The Government does have to affirm their

1    acceptance of the conditions of my plea.  The plea being

2    conditioned on my appeal.  That, I agree with them.

3            As far as the nolo versus guilty, that's really up

4    to the discretion of the Court.  The condition was -- and the

5    only reason that the Government has any say whatsoever with

6    the conditional plea is to ensure that there's an agreement

7    between all the parties that it is a dispositive motion and

8    it's not going to waste time.  And if it is granted at the

9    appellate court level, it pretty much will dispose of the

10   case.

11           And that most certainly can be -- I have a

12   document today basically, that's hopefully going to have the

13   in-writing requirement of 11(a)(2, that says that we are

14   together on the conditionalness of the plea.  Which plea it

15   is is up to the discretion of the Court.

16           THE COURT:  Are you saying that the Government has

17   to agree to the conditional plea?

18           THE DEFENDANT:  That's exactly what I'm saying,

19   yes.  And that has to be -- many circuits are different, but

20   pretty much it needs to be in writing.  And I have a document

21   just for that.  Not to say that they agree with the nolo

22   contendere.  To be quite frank with you, Your Honor, that is

23   up to the discretion of the Court.

24           But I think, in my position, and why, in this

25   situation, it really does mean a lot, is because the criminal

1   numbers that aren't there are really the key factor in the

2   civil liability.  So that -- the discussions about that are

3   going to have to be made outside of what this plea colloquy

4   is going to be anyway.

5          THE COURT:  I don't understand why the Government

6   insisted on the -- not agreeing to the conditional plea.

7          MS. GENETTI-CALVIN:  Your Honor, we ran it up as

8   far as the Deputy Assistant Attorney General, and there is a

9   belief that there is a perception that permitting Defendants

10  to enter pleas without admitting guilty causes, and

11  perpetuates, a negative public perception that the criminal

12  justice system is about obtaining -- is not about justice,

13  but obtaining convictions and putting people in jail.  And

14  because it's regarded as less serious than a normal

15  conviction.

16         THE COURT:  That sounds more like -- you're

17  talking about a nolo.  The conditional plea is -- he's

18  saying, if the suppression hearing stands up, then he's

19  guilty.  That's all a conditional plea is.  I mean, I'm not

20  sure we're talking about the same thing.

21         He's saying, I'm pleading guilty, and assuming

22  that a suppression -- the evidence that they got during the

23  raid on his office and his home -- or the search of his

24  office and his home -- the information that the Government

25  got from that stuff is enough to make him guilty, unless the

1    search was unconstitutional in the first place.

2        MS. GENETTI-CALVIN:  Your Honor, if, in fact, Dr.

3    Leveto is talking about entering into a guilty plea, the

4    Government, certainly, would entertain the possibility of

5    making that a conditional and putting it in writing and

6    having it reviewed.  I'm sorry, I misunderstood what Dr.

7    Leveto was saying.

8        THE COURT:  That's what a conditional plea is.

9        MS. GENETTI-CALVIN:  I thought he was insisting on

10    the nolo aspect of it.

11        THE DEFENDANT:  The problem here, Your Honor, is,

12    you used the word "guilty," and the Government has picked up

13    on that.  The Government is, essentially, using the nolo

14    contendere as the leverage to not say that they accept the

15    conditional plea.

16        The conditional plea really is a pretty objective

17    type of determination.  If the suppression hearing holds, my

18    plea is functionally guilty; if it doesn't hold, it's over.

19    But it gives me the opportunity to do that.  But it basically

20    is saying that if it is turned over at the Third Circuit by

21    the Supreme Court -- that's basically saying that my plea is

22    going to be withdrawn anyway.

23        So the conditionalness of the plea is what we're

24    talking about here.  But if I didn't know better, I would

25    think that the Government is using the leverage of the nolo

1    to accept or reject it.  To accept or reject it is objective.

2    It's not really -- I mean, Your Honor can certainly rule on

3    that if the case -- if it's dispositive to the case, Your

4    Honor.

5              THE COURT:  Are you telling me that you will not

6    enter a guilty plea under any conditions?

7              THE DEFENDANT:  I cannot enter a guilty plea, Your

8    Honor.  I can only enter a nolo contendere.  It is closest to

9    my beliefs and what's in my heart, and it is the closest

10   thing to the truth that I can do.

11             THE COURT:  Then we'll have to get ready for the

12   trial.

13             MS. GENETTI-CALVIN:  Your Honor, that would be our

14   understanding.  That if he insists upon both the conditional

15   aspect and the nolo contendere aspect of the plea, the

16   Government must oppose that.  And that it's probably

17   preferable, if we can't enter -- resolve this case with a

18   guilty plea or a conditional guilty plea, that we have a jury

19   decide the facts.

20             THE COURT:  Well, I don't understand what the --

21   I'm unfamiliar with the -- is it case law or what that

22   says both sides have to agree to a conditional plea?

23             THE DEFENDANT:  It's within the notes of Rule 11,

24   yes, it's case law.  And it's only because of the dispositive

25   nature.  They don't want me going, as a Defendant, to the

1     appellate court and it being something that's not dispositive

2     to the case.  So that's really the whole thing, the decision

3     being dispositive.

4          MS. GENETTI-CALVIN:  Your Honor, that would be

5     found at Rule 11(a)(2).  It says, "With the consent of the

6     Court and the Government, the Defendant may enter a

7     conditional plea of guilty or nolo contendere, reserving, in

8     writing, the right to have an appellate court review an

9     adverse determination of a specified pretrial motion."

10          THE DEFENDANT:  In the notes, Your Honor, it

11    separates that into the Government's permission on the

12    conditional part, because, obviously, the Government doesn't

13    have to give permission for a guilty plea.  It's the

14    conditional aspect of it that we must all agree on.  And

15    they, specifically, in the notes, do say that it's up to your

16    discretion on the nolo versus guilty.

17          THE COURT:  I'm looking at it now.

18          Well, it would seem to me, then, we're going to

19    have to have a trial, which I would think all parties would

20    rather avoid.  But anyway, in the event that there was a

21    hang-up, I've been given a -- it's the Tuesday after

22    Thanksgiving.

23          THE DEFENDANT:  Your Honor, before we do that,

24    could we have a short recess --

25          THE COURT:  Sure.

1          THE DEFENDANT:  -- so that I can discuss this with

2     stand-by counsel?

3          THE COURT:  That would be fine.  As I said, I

4     really think you ought try to work out something here because

5     I bet this -- I've had these kinds of trials before on tax

6     liability, and it's like rebuilding everything dollar by

7     dollar versus a -- which is a Herculean task.

8          Okay.  Well, send somebody in to let us know when

9     you're ready.

10         THE DEFENDANT:  One other point.  Your Honor, in

11    other words, is essentially saying that you would not -- that

12    I would not be permitted to enter a nolo contendere plea?  Is

13    that essentially --

14         THE COURT:  I'm inclined not to because we'd have

15    to go through what I just said.  With a nolo plea, if they

16    come back and go after you on civil liability, we'd have to

17    do the same thing all over again -- I mean, not all over

18    again, but we'd have to do what I just described, rebuilding

19    your income dollar by dollar.  In other words, they'd say,

20    you spent X dollars on food, Y dollars on the mortgage,

21    and didn't report Z dollars.  That's the kind of thing we'd

22    go through.

23         THE DEFENDANT:  But, with all due respect, Your

24    Honor, this has none of that already finished or already

25    done.

1              THE COURT:  They'd still have to prove that you

2    avoided income tax.

3              THE DEFENDANT:  Yes, sir.  I just wanted to make

4    sure that that was on the record.

5              THE COURT:  I understand there's apparently no

6    dollars mentioned in the thing, but -- I think you ought to

7    talk about it, and then just send somebody in to let us know

8    when you're ready.

9              THE DEFENDANT:  Yes, Your Honor.  Thank you.

10             (Recess taken.)

11             THE COURT:  Do you have anything to report?

12             THE DEFENDANT:  Yes, Your Honor.  I'd like to make

13    an oral motion.  I, as the Defendant, motion the Court to

14    allow me to plead conditionally nolo contendere.

15             THE COURT:  What's the Government's position, Ms.

16    Calvin?

17             MS. GENETTI-CALVIN:  The Government would oppose

18    such a plea.

19             THE COURT:  As you correctly pointed out, the --

20    while we have discretion on the nolo plea, we don't have

21    discretion with respect to the conditional plea.  That

22    requires the consent of the Government as well.  So there's

23    nothing I can do about that.

24             So we will skip the -- the trial is scheduled --

25    because I was afraid there might be some issues, the trial is

1    scheduled for the Tuesday after Thanksgiving.

2              THE DEFENDANT:  Your Honor, you have ruled on

3    that, then?  You have ruled that you will not accept the nolo

4    plea?

5              THE COURT:  Yes.

6              THE DEFENDANT:  In lieu of that, for the record,

7    since the Court will not accept that, I will go on to enter a

8    conditional guilty plea.

9              MS. GENETTI-CALVIN:  Your Honor, we would have to

10   reduce that to writing, but at this point we do not oppose

11   it.

12             THE COURT:  I didn't hear the first part.

13             MS. GENETTI-CALVIS:  We would have to reduce that

14   to writing.  Anytime we agree to something, writing is

15   required by Rule 11(a)(2).  But we are not opposed to a

16   conditional guilty plea.

17             THE COURT:  Can you reduce it like in the next

18   five minutes?

19             THE DEFENDANT:  I have a document here, Your

20   Honor, the Government can look at.

21             MS. GENETTI-CALVIN:  Your Honor, I hope we can

22   reduce that.

23             THE COURT:  Let's reduce it fast.

24             MS. GENETTI-CALVIN:  Your Honor, we'll make every

25   effort to do so.

1              (Recess taken.)

2              (Discussion held in chambers.)

3              THE COURT:  Where are we?

4              THE DEFENDANT:  Well, it seems that the

5     Government, Your Honor, has come up with kind of a quasi plea

6     agreement, and, of course, that's not what this was all

7     about.  This was basically about the acknowledgment, by the

8     Government, that I was putting in a conditional plea,

9     conditioned on the ability to appeal the suppression motion

10    and all documents associated with it.  And I have acquiesced

11    to the fact that if the Court has denied me the ability to

12    plead nolo, that I will plead guilty.

13             And the -- an hour later, I have significant

14    issues that are presented to me that I have to give up about

15    the first seven bill of rights, and it looks like that we're

16    okay with it.  And we're even stipulating to one document to

17    appeal, and I'm giving up everything else.  I mean, appeal

18    rights.  And this is certainly unacceptable.  And I don't

19    want to seem to be hard to get along with, but it just seems

20    as though -- that the leverage that's being placed on me is

21    not particularly fair.

22             THE COURT:  What are you being asked to give up?

23             THE DEFENDANT:  Sentence appeal rights.

24             THE COURT:  Well, that's standard language.  I

25    mean, unless I violate the law somehow in the sentencing,

1    while you're -- you can appeal that always.

2            THE DEFENDANT:  Just a number of things.  Steve,

3    you had looked at a few things here that --

4            MR. MISKO:  Judge, the one issue that Dr. Leveto

5    talked about how to do with asserting certain rights, and in

6    the subsection -- or Paragraph 2, that would be A2 of the

7    draft, it indicates that, essentially, Dr. Leveto would be

8    giving up his rights under Washington v. Blakely in having

9    the Court decide on a preponderance of the amount, and he

10   does not wish to do that.

11           There are certain other appellate rights that he

12   does not wish to give up, and that would be Paragraph A6.  He

13   waives the right to take a direct appeal for his conviction

14   or sentence under 29 USC 1291 or 3742.  It does indicate an

15   exception for the suppression issue.  And then, waives the

16   right to file a motion to vacate sentence under 28 USC 2255,

17   attacking his conviction or sentence.  He just simply doesn't

18   want to give up his appellate rights in that regard, and

19   that's the reason why he wanted to enter into an open plea.

20           Quite frankly, as CJ attorney and private attorney

21   in the US District Court, we've been entering open pleas

22   lately because the Government is asking us to waive all our

23   direct appeal rights.

24           The Doctor, all he wants to do is just enter into

25   a conditional plea of guilt and litigate the suppression

1    issue.  That's all he wants to do.  The Government has agreed

2    to it on record, and he just wants to move forth from there.

3            THE COURT:  Does the Government have some

4    objection to what he's saying?  I don't understand.

5            MS. GENETTI-CALVIN:  We came here with the idea

6    that there -- that we were going to oppose a nolo plea.  And

7    the latest information that we have from Dr. Leveto, after we

8    sent him two plea letters, was he wanted all charges dropped,

9    and some other demands that there was no way we could

10   acquiesce to.  So the possibility of a guilty plea today was

11   really unanticipated.

12           And as people who -- we don't make any policy for

13   the Department of Justice, and, therefore, the Western

14   District of Pennsylvania, nor for the Tax Division.  So

15   anytime that we are going to enter into a plea agreement of

16   some sort, we have to get authorization.  It's the position

17   of the US Attorney's Office here, and the Department of

18   Justice, that, in return for the Government's agreement to

19   make it conditional, he abide by a written plea agreement as

20   opposed to just pleading straight up.

21           We have sought authorization, we've presented him

22   with a draft -- and when we have a draft such as this, we do

23   not present it to the US Attorney for signature until we have

24   an agreement.  And then we would let it be appealed as an

25   advisory opinion.

1          THE COURT:  Could I see the draft?

2          MR. MISKO:  Yes, Your Honor.

3          MS. GENETTI-CALVIN:  But that's where we are.

4          THE COURT:  You're objecting, in this Paragraph 2,

5    to, "He agrees that the facts upon which the sentence is

6    based, under the sentencing guidelines, will be determined by

7    the sentencing judge by a preponderance of the evidence."?

8    Is that what you're saying?

9          THE DEFENDANT:  One of the things, yes, Your

10   Honor.

11         THE COURT:  I don't know if he can waive it -- I

12   mean, if it's -- if Blakely -- well, didn't Aprendi say it

13   had to be beyond a reasonable doubt?  I don't see how you can

14   waive a constitutional right.

15         MR. MISKO:  Your Honor, my understanding is

16   Blakely has reaffirmed the fact that certain factual issues

17   which decide the level of punishment have to be decided

18   beyond a reasonable doubt, and the Government wants to alter

19   that presumption down from beyond a reasonable doubt to

20   preponderance of the evidence.

21         THE COURT:  Right.  Well, yeah.  Assuming the

22   Supreme Court says Blakely applies to the guidelines.

23         MR. MISKO:  Right.

24         THE COURT:  But I think Aprendi holds that.  I

25   think.

1           It looked pretty -- it looks fairly standard to

2     me, except waiving the preponderance of the evidence

3     condition.  And there was on other one I saw in here that I

4     would -- to waive a 2255 petition.  I don't think I've ever

5     seen either of those in a plea agreement.

6           MR. MISKO:  They're all new, Judge.  In the

7     Western District, these are all now being incorporated into

8     plea agreements, and that's the reason why they're not

9     entering into plea agreements.  They're essentially asking

10    the defendants to waive all of their appellate rights.

11          THE DEFENDANT:  Your Honor, one more point.  I

12    think that we're floating and gradually moving away from Rule

13    11(a)(2), which is really the consent of the Government and

14    the Court, written.  So we have to really get down to the

15    basics here of the conditional plea of guilty, and all of

16    that -- that could be standard.  But, of course, I've not

17    been looking for anything standard, and I've really not been

18    looking for a plea agreement.

19          MR. MISKO:  Dr. Leveto, why don't you tell the

20    Court about your research about some circuits don't even need

21    a written document.

22          THE DEFENDANT:  Well, that is true.  They --

23    there's a lot of discussion about people getting to the

24    Circuit Court of Appeals and finding out that it wasn't

25    documented well enough.  And many circuits do say, and I

1    don't know just what circuits do say, if it's on the record

2    and it's clear that the Court knew --

3          THE COURT:  I certainly prefer a letter.  I mean,

4    you can always have loose language, unintentionally, when

5    you're just talking on the record, but not with a written

6    contract.

7          MR. MISKO:  I think the language contained in that

8    one paragraph is acceptable to Dr. Leveto in reference to the

9    conditional plea agreement.

10          THE COURT:  Which?

11          MR. MISKO:  It was Paragraph 6.

12          THE COURT:  You mean waiving the 2255?

13          MR. MISKO:  No.  At the very bottom.

14          THE COURT:  This is 6B, "As a condition of his

15    guilty plea, Daniel Leveto may take a direct appeal from his

16    conviction limited to the issues raised in support of the

17    motion to suppress evidence filed on July 24th.  If he does

18    take a direct appeal raised in this issue and prevails, then

19    he may withdraw."  That's standard.

20          MR. MISKO:  Right.  I think, if that was the only

21    language that was contained and agreed to by the parties --

22          THE DEFENDANT:  See, that's really what it is.

23    Although, I'd like to add the 21st and then my response and

24    your response.  But it's all motion to suppress.  That was on

25    September 8th or 9th.  It was in response to your omnibus

1    response.

2            THE COURT:  Either there's going to be a deal or

3    there's not.

4            MR. MISKO:  I just, quite frankly, Judge, haven't

5    been in this territory before, but it also strikes me as

6    unusual that the Government is trying to have a plea

7    agreement as to the language of the conditional plea.  And

8    the Court's on notice as to what the purpose of the

9    conditional plea is, then they're asking -- essentially

10   asking Dr. Leveto to -- well, all right.  We'll give you a

11   conditional plea, but this is what we have -- you know, this

12   is what we want in exchange for that.

13           And I think that's what Dr. Leveto has a problem

14   with is that you're agreeing to the conditional plea, no more

15   needs to be said.  And he wants to do an open plea to the

16   counts in the Indictment, and they're attempting to enter

17   into a plea agreement for the conditional plea.  Is that

18   right, Doctor?

19           THE COURT:  I understand your logic.

20           THE DEFENDANT:  That's exactly right.

21           MR. MISKO:  So I think the Doctor is asking you to

22   accept the conditional plea seeing that the Government has

23   already agreed to it.

24           MS. GENETTI-CALVIN:  I think that what I'm hearing

25   is that, as the Judge pointed out, sometimes it's better to

1   have something in writing, because when you're saying whether

2   or not the Government opposes a conditional plea -- and I

3   know that on October 12th we wrote him a letter and we said

4   that, "We agree that you may reserve the right to have an

5   appellate court review an adverse determination of your

6   motion to suppress evidence if the Court denies such a

7   motion.  In addition, please be advised that Justice

8   Department policy indicates that the Government must oppose

9   the acceptance of a nolo plea."  But at all -- you know, at

10  all points -- we are not in a position to -- to enter into an

11  agreement without authorization from the people who are our

12  supervisors.

13          THE COURT:  Well, who authorizes it in this case?

14  Is it Mary Beth Buchanan or somebody in DC?

15          MR. MISKO:  Mary Beth; am I correct?

16          MS. GENETTI-CALVIN:  That's correct.

17          THE COURT:  And Marshall Piccinini, what, was he

18  the go-between here, or did you folks talk directly to her?

19          MR. MISKO:  I think the Government went up there,

20  and -- I don't know who you taked to.  Who did you talk to?

21          MR. VORACEK:  We talked to Marshall, the

22  go-between.

23          THE COURT:  Why don't we ask Marshall to come

24  down.  Maybe he can help us.

25          MR. MISKO:  Judge, if you look at the statute --

1    if you look at the rule itself, it almost appears that the

2    only person that has to state what the issue is for the

3    purpose of the conditional plea is the Defendant.  And as

4    long as the Government says, yep, he's right, then that lays

5    grounds for the conditional plea.  And there's nothing in the

6    commentary that suggests there has to be any pleading or

7    motion or document filed by the Government in that regard.

8    And I think that's what Dr. Leveto was offering today was his

9    understanding of the parameters of the conditional plea.

10           THE DEFENDANT:  Right.  To agree on the

11    conditional plea only means, whether he likes it or who likes

12    it or whoever -- it only means that you have agreed that it's

13    not for delay or frivolous notions, or anything like that.

14    That it truly is dispositive to this case.  That's the role

15    of the agreement.

16           Other than that, the types of things, and things

17    like that, are kind of my right that would be approved by the

18    Court.  It's a plea conditioned on that.  So this is all just

19    a whole lot more.  And it's kind of quasi plea agreement, and

20    it has some very big teeth in it that I rightly can't enter

21    into.

22           I mean, as a Defendant, I have a document that has

23    charges against me which lists probable cause to believe

24    several things that I have done.  We're talking about my

25    ability to plead, in open court, without entering an

1    agreement with anyone.  And, yes, I ask for your acquiescence

2    of the conditional plea, but only as the notes in Rule 11

3    say, for the reasons that they say, that you realize that

4    it's dispositive.  If it goes -- if it's overturned, the case

5    is pretty much --

6            (Discussion held off the record.)

7            THE DEFENDANT:  I want to apologize, Your Honor.

8    I certainly didn't anticipate making this any more difficult

9    than it is.

10           (Marshall Piccinini, Esquire joined discussion

11            being held in chambers.)

12           THE COURT:  Marshall, I asked that they ask for

13   you to come down.

14           MR. PICCININI:  Yes, sir.

15           THE COURT:  The complication here is Dr. Leveto

16   is -- I don't want to put words in his mouth, but if I can

17   put it in a nutshell, and anybody correct me.  He's saying a

18   conditional plea is a conditional plea, and that, on appeal,

19   that's the only thing that a court should be looking at, the

20   applicancy of the suppression ruling.

21           He's -- I don't know if you had anything to do

22   with drafting the agreement or not, but he's objecting to the

23   use of the preponderance of the evidence standard on other

24   things and the waiver of any 2255 opportunities in the

25   future.

1              And he's just saying, you know, all we're doing

2       is, I'm pleading guilty, and if I'm wrong about the

3       suppression, then I am guilty, and, you know, that's it.  I

4       just -- I don't understand quite why all the other conditions

5       have to be in there.

6              MR. PICCININI:  Judge, for all pleas in the

7       Western District, this being one, the US Attorney's language

8       for those pleas would be required.  And the draft that you

9       have in front of you is consistent with all of the pleas that

10      occur in the Western District.

11             THE COURT:  I didn't remember that preponderance

12      of the evidence thing.  Because doesn't Aprendi say it has to

13      be beyond a reasonable doubt?  It seems he might be waiving a

14      constitutional right here.

15             MR. PICCININI:  Judge, all of those provisions of

16      preponderance are actually Blakely waiver conditions that

17      this District has required of all guilty pleas since --

18             THE COURT:  Maybe I haven't taken -- I guess I

19      have since Blakely.

20             MR. PICCININI:  This is what typically is

21      presented to you, Your Honor, at these pleas as being the

22      Blakely waiver, included in the last sentence of the second

23      paragraph.  And then, also, in the specific waiver provisions

24      it talks specifically about Blakely-related issues, and that

25      's where those come from.  And then, the habeas waiver is

1    also another provision that is new within the District, but

2    has been in all of the pleas.

3              THE COURT:  In all of those there's always been

4    some kind of a bargain where the Defendant gets something.  I

5    mean, they're dropping a count or agreeing to do this --

6    usually it's dropping a count or two and getting the

7    guideline reduction for pleading guilty.  Here all he's

8    getting is the agreement by the Government to a conditional

9    plea.

10             MR. PICCININI:  I understand exactly what the

11   Court's -- what you're indicating, that -- this is certainly,

12   from my understanding being in court, this is not one where

13   there's been a request for a dismissal of counts.  There's

14   been, really, no negotiations as to the nature of plea.

15             I'm the US Attorney's representative in this

16   matter, and these are requirements I was presented with.  The

17   drafted document that Mr. Leveto offered -- and I think that

18   there is a -- there is reluctance where the -- an absolute no

19   to the US Attorney signing off on that document.  From the

20   discussions -- this has all just been happening, from our

21   standpoint, in the last hour or so.

22             THE COURT:  Sure.

23             MR. PICCININI:  I've discussed the matter with the

24   chief of our criminal division, and the first assistant

25   discussed it with the US Attorney, and currently that's the

1    position for the Government in the Western District to agree

2    to the conditional nature of the guilty plea.  The other

3    waiver provisions would be required in this District.

4            We also received guidance from -- and there's some

5    discussion between the Department of Justice Tax Division and

6    the chief of our criminal, and I don't think those

7    discussions on this matter --

8            THE DEFENDANT:  Mr. -- I'm sorry, we haven't met.

9    I didn't get your name.

10           MR. PICCININI:  Piccinini.

11           THE DEFENDANT:  Piccinini.

12           MR. PICCININI:  Judge, I'm not inclined to answer

13   questions from Mr. Leveto.

14           THE COURT:  You may ask me.

15           THE DEFENDANT:  Can I ask you.  So if my

16   understanding is correct, the Government's position here is

17   that I'm not even permitted to plead guilty without a plea

18   agreement with them?  Is that correct?

19           THE COURT:  I guess so.

20           MR. PICCININI:  Judge, I think that the

21   Government's position is that Rule 11 specifically requires,

22   for a plea to be conditional, the agreement by the

23   Government, and that that agreement be in writing.  The

24   Government has no problem, from the US Attorney's

25   perspective, with Mr. Leveto pleading guilty as charged,

1    which he seemed to indicate was his intention.  However, when

2    he does so, the Government -- it does require an agreement

3    from the Government to allow it to be conditional.  And in

4    order for it to be conditional in this District, the rest of

5    the waiver provisions in this District would have to be

6    complied with.  I think that's the US Attorney's position on

7    that matter.

8              THE DEFENDANT:  Your Honor, one more point.  I

9    think that very important to this position is the clear

10   language of all of the amendments and notes for Rule

11   11(a)(2), and the condition has nothing to do with the

12   Government having other conditions in a plea agreement.  The

13   conditioned plea is purely to ensure that they're not -- it's

14   not a frivolous thing that's being conditioned to, and it is

15   dispositive on the case.  Those are the issues that the

16   Government needs to agree with.

17             This is like the nolo to being put to guilty.

18   That's the camel's nose under the tent, and this is the

19   result of the next phase.  Now I can't plead guilty without

20   consent, because, again, the spirit to the letter of what a

21   conditional plea is and the notes in Rule 11 are very clear.

22   It's got nothing to do with entering into anything like this

23   or entering into a deal.  Nothing at all.

24             THE COURT:  Well, I'd say you're between a rock

25   and a hard place.  I mean, if they either -- if that's their

1    position on the thing, then you have to either accept it,

2    albeit reluctantly, or we have a trial.  That's about all I

3    can say.

4            THE DEFENDANT:  There's nothing in between that,

5    Your Honor, of ruling what the conditional plea means?

6            THE COURT:  I really can't -- I really am not

7    supposed to even -- I've probably done more than I'm supposed

8    to do anyway.  I'm not supposed to plea bargain.  I'm

9    supposed to just --

10           THE DEFENDANT:  And I'm not plea bargaining.  See,

11   that's the whole issue here.  I'm not plea bargaining.  I'm

12   trying to do an open plea to the Court.

13           THE COURT:  I know what you're trying to do.  But

14   it seems to me, as I said, you have to go one way or the

15   other on it if they're adamant in their position.

16           You can talk about it with Mr. Misko for a little

17   bit, if you want, out in the courtroom, and --

18           THE DEFENDANT:  I think I need to do that.

19           (Discussion concluded in chambers.)

20           (Reconvened in the courtroom.)

21           THE COURT:  Where are we?

22           MS. GENETTI-CALVIN:  Your Honor, I think at this

23   point I need to defer to Dr. Leveto and statement by counsel.

24           THE DEFENDANT:  Your Honor, I believe that a

25   continuance is necessary for this proceeding.  Perhaps with

1    additional talking between myself and the Government,

2    and myself and stand-by counsel, the issues today that I

3    can't really -- I can't really work with today have come up,

4    and things have changed, and I have to be able to work with

5    stand-by counsel.

6            THE COURT:  Well, I mean, if there's going to be a

7    trial we can't -- I can't continue until the eve of trial or

8    something like that.  I'd be willing to continue it two

9    weeks.  Today's the -- that would be the 22nd, I guess.  I

10   mean, I'm not saying that's the day I take the plea, but I

11   want to know in two weeks whether we're going to have a trial

12   or not, that's all.

13           I don't want everything out -- I'm due to come up

14   here on the 30th anyway.  So that would be the first day of

15   the trial or be the first day of some other trial if it's not

16   this one.  But I'll want to know in two weeks because I don't

17   want to be calling jurors in and sending them back home at 40

18   bucks a day for each juror.

19           Do you want to speak to your Motion on Release

20   From Detention at this time?

21           THE DEFENDANT:  I would hold that off also, Your

22   Honor.

23           THE COURT:  All right.  Then we'll -- I'm not

24   going to -- we'll continue the case for the moment.  It's

25   continued indefinitely.  But I want an answer on the plea

 1      bargain by November 22nd.

 2                MR. MISKO:  Your Honor, do you want to do a status

 3      conference?

 4                THE COURT:  I'm not scheduled to come up -- I just

 5      came up today for this special hearing, which I hoped would

 6      resolve the issues.  If necessary, I can come up again, I

 7      suppose, if you need a status conference.  But, as I said in

 8      chambers, I really can't get into the essence of plea

 9      bargaining.  So just keep me posted on what's going on.

10

11                (Hearing concluded at 4:07 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T I O N

2

3        I, Sondra A. Black, a Court Reporter and Notary

4    Public in and for the Commonwealth of Pennsylvania,

5    do hereby certify that the foregoing is a true and

6    accurate transcript of my stenographic notes in the

7    above-captioned matter.

8

9

10

11                          Sondra A. Black

12

13

14                    Dated: August 14, 2006

15

16

17

18

19

20

21

22

23

24

25