IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

      vs.

DANIEL LEVETO,

       Defendant.

_____

Criminal Action

No. 01-06-E

Transcript of proceedings on Wednesday, June 2nd, 2004,
United States District Court, Erie, Pennsylvania, before the
Honorable Maurice B. Cohill, Jr., Senior District Judge.

APPEARANCES:

For the Government:     RITA GENETTI CALVIN, Esq.

For the Defendant:     DANIEL LEVETO, pro se

Court Reporter:     Shirley Ann Hall, RDR, CRR
                619 U.S. Courthouse
                Pittsburgh, PA 15219
                (412) 765-0408

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

---

P R O C E E D I N G S

* * * * *

(In open court.)

THE COURT:  Good morning; be seated.

This is a hearing based on a petition that was filed
by Daniel Leveto in which he raises several points and also
has indicated a desire to proceed pro se, which simply means
he wants to represent himself in this matter without benefit
of having a — being represented by a lawyer.

Is it still your wish, Mr. Leveto — Dr. Leveto, to
proceed without an attorney?

DEFENDANT LEVETO:  It's my — it's my wish to
proceed with standby counsel, so I don't think that's quite
without an attorney, but —

THE COURT:  That's right.  A standby counsel would
be there to help you if you called on him to help, but
otherwise you'd be on your own.

DEFENDANT LEVETO:  That's correct, Your Honor, at
least for the time being.

THE COURT:  All right.

Has any — I understand Mr. Lucas talked to you but
then discovered he had a conflict.  Has any other attorney
talked to you?

DEFENDANT LEVETO:  There's been no one else come up,
Your Honor.

---

3

1      THE COURT:  Okay.

2      First of all, would you stand and be sworn.

3      (Whereupon, the Defendant was sworn.)

4      THE COURT:  Be seated, please.

5      Would you state your name for the record, please.

6      DEFENDANT LEVETO:  Daniel James Leveto.

7      THE COURT:  Will you state your date of birth.

8      DEFENDANT LEVETO:  June 21st, 1950.

9      THE COURT:  And your last address.

10     DEFENDANT LEVETO:  18200 Conneaut Lake Road,

11  Meadville, Pennsylvania.

12     THE COURT:  How far did you go in school?

13     DEFENDANT LEVETO:  Doctorate degree.

14     THE COURT:  Are you currently or have you recently

15  been under the care of a physician or a psychiatrist?

16     DEFENDANT LEVETO:  No, I have not, Your Honor.

17     THE COURT:  Have you been hospitalized or treated

18  for narcotic addiction?

19     DEFENDANT LEVETO:  No, I haven't, Your Honor.

20     THE COURT:  Have you been hospitalized or treated

21  for alcohol abuse?

22     DEFENDANT LEVETO:  No, I haven't, Your Honor.

23     THE COURT:  Have you ever been hospitalized or

24  treated for any sort of mental illness?

25     DEFENDANT LEVETO:  No, I haven't, Your Honor.

---

4

1      THE COURT:  Are you under the influence of any

2  narcotic drug, medicine, pills or alcoholic beverage today?

3     DEFENDANT LEVETO:  No, Your Honor.

4     THE COURT:  Have you taken any drugs, medicine or

5  also pills or drunk any alcoholic beverages in the past 24

6  hours?

7     DEFENDANT LEVETO:  No, I haven't, Your Honor.

8     THE COURT:  How do you feel physically and mentally

9  right now?

10     DEFENDANT LEVETO:  I feel fine, Your Honor.

11     THE COURT:  Do you feel you clearly understand

12  exactly what's happening here and now?

13     DEFENDANT LEVETO:  No, I don't, Your Honor.

14     THE COURT:  And in what way don't you understand?

15     DEFENDANT LEVETO:  Well, at the last hearing I

16  voiced that my first request was to bring paid counsel on

17  board, and I expressed reasons that I couldn't do that.  The

18  second best choice was pro se with assistance of counsel;

19  which if I had assistance of counsel today, perhaps I would

20  better be able to understand just what I'm doing now.

21     THE COURT:  Do you have any comment, counsel, on his

22  position?  Should we continue this thing today or —

23     MS. CALVIN:  Your Honor, it sounds to the Government

24  as if Dr. Leveto is talking about hybrid representation.

25     THE COURT:  I'm sorry?

5

1    MS. CALVIN:  As if he is talking about hybrid
2    representation.  I believe, if my recollection serves
3    correctly, at the last hearing he talked about having some
4    motions he wanted to file himself and — but possibly also
5    have some that were —
6        THE COURT:  You can't really do that.  It's got to
7    be one way or the other, not that you wouldn't consult —
8    assuming you chose to be represented by an attorney, you could
9    consult with that person and, naturally, on any pleas or any
10   strategic moves that were made in the course of the case; but
11   you can't say, "Well, I'm going to file this motion and he's
12   going to file that motion."
13       DEFENDANT LEVETO:  I understand that, Your Honor;
14   but here I am today, and I'm sworn in, and I really would like
15   to have assistance of counsel, because this is not exactly
16   what I was aware of was going to happen today, that there will
17   be testimony.
18       THE COURT:  Frankly, I thought you were going to
19   have standby counsel today, but apparently there's been some
20   mix-up on that.
21       DEFENDANT LEVETO:  Yes.  Mr. Lucas, although his
22   conflict was distant, I think it bothered him and perhaps it
23   bothered me more than it bothered me.
24       THE COURT:  I didn't even know.  That was his
25   decision to make.  I didn't know about it until after the

6

1    fact.
2        DEFENDANT LEVETO:  Yes.
3        THE COURT:  I don't know that you need standby — I
4    don't know that you need standby counsel to make a decision
5    today about whether or not you want to proceed with or without
6    counsel; but I mean you understand you don't — assuming that
7    you don't have paid counsel, you don't have the right to
8    choose whom the Government is going to have represent you, you
9    understand that.
10       I mean if — whether you decide the person to be
11   standby counsel or counsel throughout the trial, I mean active
12   counsel, it's not your choice to make.
13       DEFENDANT LEVETO:  I understand that, and I haven't
14   certainly sought to do that.  I have not sought to do that at
15   all.  Mr. Prather had some significant issues, and that's why
16   we ended up in the position we were in.
17       But I guess I'd also like you to know, Your Honor,
18   that I'm still in somewhat of a quandary when I have none of
19   the material that I need for my case, and it makes it very
20   difficult for me to make some of these decisions on can I
21   recruit paid counsel.  I do not have access to my materials to
22   be able to even know if I can do what I need to do.  I have —
23       THE COURT:  That's where, if you had counsel, it
24   would help.
25       DEFENDANT LEVETO:  Well —

7

1        THE COURT:  I mean you're talking about —
2        DEFENDANT LEVETO:  Perhaps —
3        THE COURT:  You talk about the prison library not
4    giving you enough time.  I can't control that; and if you
5    choose to go pro se, that's a handicap you've put on yourself.
6    I mean naturally a lawyer is going to have access to any
7    library material that he needs — he or she needs, but I can't
8    change the prison rules about how much time you're allowed in
9    the library, that kind of thing.  That's why you're really
10   handicapping yourself by going without a lawyer.
11       DEFENDANT LEVETO:  Well, I understand, Your Honor,
12   that you can make provisions for me to review documents, even
13   perhaps at the US Marshals Office so many days a week or
14   something like that.
15       THE COURT:  No, I can't do that.  I can't do that.
16       DEFENDANT LEVETO:  Well, it really does bind me up
17   if I have no access to my documents.
18       THE COURT:  I don't even — where are the documents?
19       DEFENDANT LEVETO:  There are — as I enumerated in
20   the motion that I have now before this Court, some of the
21   documents are within the vehicles that were personally with
22   me.
23       THE COURT:  I mean were those vehicles confiscated?
24       DEFENDANT LEVETO:  They're not available at this
25   time, so I don't know what — I have to say that they were.

8

1    My ex-wife has custody of a number of them, and a number of
2    them are in storage.
3        THE COURT:  I can't control what she has.  I mean
4    she's not a part of this case, I don't believe.
5        DEFENDANT LEVETO:  I understand that, Your Honor,
6    but I have to have a place to put them, and then I can — I
7    can take care of that.  The Court doesn't need to be involved
8    with that.
9        THE COURT:  Well, my strong advice to you would be
10   to get a lawyer, either paid or appointed to act as active —
11   act as your active — when I say "active," I mean more than
12   standby counsel.  I mean most of the things you ask for in
13   this petition I can't grant.  I just don't have the power to
14   do it and — don't have the physical power in some of the
15   situations and don't have the legal power in others.
16       DEFENDANT LEVETO:  Well, Your Honor, I guess I'm
17   just trying as a pretrial detainee, perhaps realizing or
18   hoping that I have most of the rights of a non-pretrial
19   detainee, I just would like to be able to litigate my case
20   with a reasonable amount of fairness.
21       THE COURT:  Unfortunately, you don't have all the
22   rights of a pretrial detainee because you can't do what you
23   want to in a jail.
24       (Off the record discussion between the Court and the
25   law clerk.)

1    THE COURT: I'm going to take a brief recess on this
2    and then — you can stay here, but I just want to consult in
3    chambers.)
4        (Whereupon, a recess was taken.)
5        (In open court.)
6        THE COURT: Be seated, please.
7        Okay. The person that had been contacted about
8    being standby counsel, I don't know what happened, but he's
9    not here.
10       What I've done, I've talked to Judge McLaughlin; and
11   once counsel is appointed, either this standby counsel or
12   another one — Judge McLaughlin is up here all the time. I
13   really can't be commuting from Pittsburgh, although I think
14   you're commuting from DC, Mrs. Calvin, if that be the case,
15   but I don't think we have any choice but to postpone the issue
16   of right to counsel or waiver of the right to counsel; and
17   Judge McLaughlin will handle that, that aspect of the case
18   only, then I'll be handling the rest of it.
19       Now, did the Government have anything it wanted to
20   say about this motion that — we just got it on May 27th, I
21   see, so I didn't know if you had a chance to review that or
22   not.
23       MS. CALVIN: Your Honor, I did have a chance to read
24   it, and we were hoping that with the outcome of this
25   particular hearing, that there would be a full and complete

1    colloquy as far as going pro se and standby counsel would be
2    appointed and we could interface with standby counsel as far
3    as those materials over which we have dominion and control.
4        THE COURT: Yes.
5        MS. CALVIN: Of course we do not have the other
6    documents in the wife's custody, although we have notified
7    Jamie Mead, who represents the wife, that Dr. Leveto and/or
8    his representative would like access to them.
9        Documents in storage I know nothing about.
10       The Rule 16 materials were provided to defense
11   counsel at the time.
12       THE COURT: Mr. Prather; and I think he said he'd
13   release them to whomever, when he knew who it was.
14       MS. CALVIN: Exactly. So I think those are being
15   held in a state of suspension pending the outcome —
16       THE COURT: Yes.
17       MS. CALVIN: — of the attorney issue.
18       And any other locations where he ascertains files
19   may have been moved, we have no knowledge of that either.
20       We did, as ordered by the Court, unseal the document
21   which was sealed, and we did send it to Dr. Leveto. But we're
22   reluctant to give him materials directly in that he said he
23   doesn't have any space to store them, and that's one of the
24   reasons why it would be the Government's position that standby
25   counsel would be in order if he elects to go pro se; then we

1    could provide him with those materials.
2        THE COURT: I'm going to appoint standby counsel
3    whether he wants it or not. The question is would it be
4    active in the sense of conducting the trial, and you've got to
5    go one way or the other on that. It's either standby all the
6    time or active all the time. It can't be half and half, as I
7    indicated before.
8        MS. CALVIN: I understand that, Your Honor, and it
9    would be our position that until that issue is resolved —
10       THE COURT: Yes.
11       MS. CALVIN: — we have to hold discovery.
12       THE COURT: Right.
13       I'm going to — as I said, I've talked — I took
14   this recess to talk to Judge McLaughlin, and he's going to be
15   happy to conduct a hearing. He'll schedule that and he'll
16   have your names and everything, and you'll hear from him about
17   when that hearing is; but I'll be the presiding judge for the
18   rest of the case then.
19       MS. CALVIN: Thank you.
20       In view of the discussion regarding this motion, do
21   we need to file a written response?
22       THE COURT: Not unless you want to. I think
23   you've — maybe for the sake of the record — he's got it in
24   paragraph form here; maybe if you just filed an answer
25   responding paragraph by paragraph, the way you would answer in

1    a civil case. It doesn't have to be long, but if you would do
2    an answer, I think that would clarify the record.
3        MS. CALVIN: Thank you, Your Honor.
4        THE COURT: Okay. I'm sorry for all the
5    inconvenience, but we'll have to go at this another day.
6        DEFENDANT LEVETO: Your Honor, could I say a couple
7    of things, please?
8        First of all, I'd like to have any discovery
9    material that could be shipped to me or put to me. I have no
10   idea what that threshold is in the prison right now, but I'd
11   like to receive what I can receive and I don't want anyone to
12   hold back from that.
13       THE COURT: We'll wait 'til Judge McLaughlin has the
14   hearing on this matter before we do anything.
15       DEFENDANT LEVETO: Secondly, there's been nothing
16   said about the vehicles and the personal material and the case
17   material that was with me when I was captured. That's one
18   thing we haven't talked about, and that's an issue.
19       THE COURT: Well, we'll handle those things after
20   the hearing on the counsel takes place.
21       Okay.
22       (Whereupon, at 11:55 a.m., court was adjourned.)
23                    * * * * *
24
25

1                 C E R T I F I C A T E

2          I, Shirley Ann Hall, certify that the foregoing

3  is a correct transcript from the record of proceedings in the

4  above-titled matter.

5                    s/Shirley Ann Hall_____
                     Shirley Ann Hall, RDR, CRR
6                    Official Reporter

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25